OTILIO SANDOVAL, demandante y apelado, *v.* ANA MARÍA MARCHAND CARRERAS, demandada y apelante.

Núm. 10560.—*Sometido:* Enero 2, 1952.  *Resuelto:* Mayo 31, 1952.

*Ana M. Marchand Carreras,* por su propio derecho; *Edelmiro Martínez Rivera,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 12 de diciembre de 1942 Manuel Marchand González y Georgina Carreras adquirieron, por compra a Otilio Sandoval, una casa y solar en el pueblo de Manatí por el precio de venta de $3,000. Al otorgarse la escritura correspondiente pagaron al vendedor la suma de $1,300, aplazando el pago de los restantes $1,700, por el período de un año, y en garantía de dicho pago constituyeron hipoteca sobre el referido inmueble, a favor del vendedor, por la suma de $1,700 del precio aplazado, sus intereses a razón de 9 por ciento anual y un crédito de $150 para costas, gastos y honorarios de abogado en caso de reclamación judicial.

En la escritura de compraventa e hipoteca otorgada en la fecha antes mencionada, se hizo constar que la finca objeto de la compraventa estaba afecta a una hipoteca para garantizar un pagaré al portador por la suma de $2,000. El vendedor se comprometió expresamente, por la Octava de sus cláusulas, "a responder en su día por el pagaré hipotecario anteriormente mencionado que afecta a la propiedad aquí transferida, obligándose a recogerlo, pagarlo y cancelarlo o a entregárselo al comprador según sea el caso."

El 3 de mayo de 1943 Manuel Marchand González y Georgina Carreras vendieron a Ana María Marchand Carreras, por el precio de $3,000, la finca a que antes se ha hecho referencia, confesando los vendedores haber recibido con anterioridad al acto del otorgamiento de la escritura de compraventa la suma de $1,300. La compradora se reservó la suma de $1,700 para satisfacer en su día el crédito hipotecario que gravaba dicha finca. Los intereses hasta el 12 de diciembre de 1943 fueron satisfechos al acreedor hipotecario por el deudor Manuel Marchand González. Desde dicha fecha no se pagaron intereses sobre la deuda, que tampoco fué pagada a su vencimiento.

El 6 de septiembre de 1949 se inició por Otilio Sandoval la presente acción sobre ejecución de hipoteca. En oposición a la demanda, Ana María Marchand Carreras alegó que la obligación de pagar el precio aplazado de $1,700 se había establecido condicionada a la previa cancelación y pago por el demandante del pagaré al portador por $2,000 garantizado con hipoteca sobre la propiedad por ella adquirida. Alegó también que en el mes de noviembre de 1943 hizo una oferta al demandante para el pago de la deuda y que no habiendo podido aquél cancelar la hipoteca por $2,000 que gravaba su finca, por no tener en su poder el pagaré hipotecario al portador, se negó a otorgar carta de pago, "entendiéndose el plazo del pago aplazado de $1,700 hasta que el dicho demandante pudiese cancelar y cumplir con la obligación por él

contraída de cancelar previamente el referido pagaré hipotecario, sin que el demandante cobrase intereses algunos por la suma atrasada, ya que la mora era por su causa." Además de deducir la defensa especial de que no tenía causa de acción el demandante por no ser dueño del crédito hipotecario reclamado en la demanda, estableció reconvención alegando daños y perjuicios por una suma no menor de $3,000, causados por no haber podido la demandada verificar la venta de la indicada propiedad, al no haber el demandante cancelado el pagaré hipotecario de referencia, y por privación de rentas al verse obligada a tener la casa cerrada.

El tribunal inferior, tomando en consideración que el pagaré al portador y la hipoteca garantizándolo fué cancelado el 23 de octubre de 1950, declaró con lugar la demanda en cuanto a la suma de $1,700 de principal más intereses al 9 por ciento anual desde el 12 de diciembre de 1943 hasta la fecha de sentencia, montantes a $1,055.70, así como en cuanto a la suma convenida de $150 para costas y honorarios de abogado.

En el recurso de apelación que por su propio derecho ha interpuesto ante este Tribunal la demandada, sostiene que no viene obligada a pagar la suma de $1,055.70 por concepto de intereses ni la de $150 para costas y honorarios de abogado, por cuanto el demandante incurrió en mora en la cancelación de la hipoteca garantizando el pagaré al portador por $2,000.

Aun cuando no se suscita en los alegatos, la cuestión a determinar en el presente recurso es la de si, en el supuesto de tener la demandada derecho a la suspensión del pago del precio aplazado, según provee el artículo 1391 (¹)

---

(¹) Dicho artículo dispone:

"Si el comprador fuere perturbado en la posesión o dominio de la cosa adquirida, o tuviere fundado temor de serlo por una acción reivindicatoria o hipotecaria, podrá suspender el pago del precio hasta que el vendedor haya hecho cesar la perturbación o el peligro, a no ser que afiance la devolución del precio en su caso, o se haya estipulado que no obstante cualquiera contingencia de aquella clase, el comprador estará obligado a verificar el pago.

del Código Civil, ed. 1930, hasta tanto el demandante procediera a la cancelación de la hipoteca de $2,000, venía no obstante obligada a satisfacer los intereses sobre dicha suma.

De la escritura de compraventa por la cual el demandante vendió la finca objeto de este pleito a los esposos Marchand Carreras, aparece que la misma estaba sujeta a la hipoteca de $2,000 ya mencionada. (²)   Sobre la obligación de pagar intereses, que es a la cuestión que en efecto se ha circunscrito este recurso, se expresa así Manresa al comentar el artículo 1502 del Código Civil Español, equivalente al 1391 del nuestro:

"Se ha dudado si, mientras está en suspenso el pàgo del precio por usar el comprador del derecho que le concede el artículo que comentamos debe pagar intereses por razón del mismo. Si la cosa vendida no es de las que producen frutos ni rentas, parece indudable que no exista tal obligación, pues no se está en ninguno de los casos que enumera el art. 1.501.   Mas, por el contrario, si es de las que producen tales rendimientos, se estima generalmente, que puesto que el comprador hace suyos los frutos, y retiene, por otra parte, el precio, justo es que al vendedor se compense con los intereses de éste, con lo que además se evita el que el comprador perciba duplicadas las naturales utilidades."

Y Scaevola, sobre el mismo extremo, dice:

"Queda una tercera cuestión, que ya apenas tiene importancia, después de lo expuesto: la de si el comprador deberá intereses del precio retenido.   Desde luego, no habiéndose consignado este precio en forma legal, el comprador estará some-

---

(²) En tal situación no es aplicable el artículo 1372 del Código Civil, ed. 1930, que dispone:

"Si la finca vendida estuviese gravada, sin mencionarlo la escritura, con alguna carga o servidumbre no aparente, de tal naturaleza que deba presumirse no la habría adquirido el comprador si la hubiera conocido, podrá pedir la rescisión del contrato, a no ser que prefiera la indemnización correspondiente.

"Durante un año, a contar desde el otorgamiento de la escritura, podrá el comprador ejercitar la acción rescisoria, o solicitar la indemnización.   Transcurrido el año, sólo podrá reclamar la indemnización dentro de un período igual, a contar desde el día en que haya descubierto la carga o servidumbre."

tido a la obligación de pagar dichos intereses, tal como la impone el artículo 1.501. Si, por el contrario, ha consignado, regirán también los principios de la indemnización de daños y perjuicios del orden procesal, y se deberán intereses desde el planteamiento de la demanda, cuando ésta sea estimada en definitiva, no ya sólo en razón de la claridad con que entonces se produce la mora, sino en atención a la temeridad, si los Tribunales declaran haberla habido en el seguimiento del pleito."

Establecería una "situación excepcionalmente privilegiada" que "sería por lo mismo muy injusta" según indica Scaevola, ob. cit., pág. 711, que el comprador disfrutase a la vez de la cosa y del precio. Por eso consideramos atinada la doctrina expresada en los comentarios arriba transcritos. Partiendo de la base de que la compradora aquí demandada tuviera derecho a la suspensión del pago hasta la cancelación de la hipoteca por $2,000, en ausencia de una consignación del precio aplazado venía obligada al pago de intereses sobre el mismo. Por lo tanto, en cuanto al extremo de los intereses, no existe el error apuntado.

■■ Réstanos considerar si la demandada viene obligada al pago de la suma de $150 convenida para costas y honorarios de abogado en caso de reclamación judicial.

Hasta ahora hemos partido del supuesto de que tenía ella derecho a la suspensión del pago en las condiciones ya apuntadas. Sin embargo, este derecho puede solamente existir, bajo las disposiciones del artículo 1391 ya citado, si la demandada, bajo las circunstancias de este caso, tenía "fundado temor" de ser perturbada "en la posesión o dominio de la cosa adquirida" por una acción hipotecaria. Las circunstancias que aquí concurren no indican que se trata de uno de los casos excepcionales de mala fe del vendedor que puedan hacer aplicable al presente las disposiciones del artículo 1391 del Código Civil. El siguiente comentario de Manresa no deja lugar a dudas:

"En cuanto al temor del posible ejercicio de esta última acción, o sea la hipotecaria, encontramos muy acertadas las

observaciones que hace el Sr. Morell, a saber: la hipoteca no es válida si no se inscribe; el fundado temor sólo puede existir por el hecho de hallarse inscrita dicha hipoteca con anterioridad a la inscripción de la venta; ese temor arranca, pues, o de un hecho anterior a la venta y convertido en público por el Registro, debido conocer, por tanto, por el comprador, o de un descuido de éste por no inscribir oportunamente. Hechos que son imputables al comprador, ignorancias o descuidos suyos, ¿pueden motivar la concesión de un derecho a su favor? La contestación no es dudosa; sólo en casos excepcionales de mala fe en el vendedor puede tener explicación el precepto del artículo 1.502."

En consecuencia, no teniendo derecho a la suspensión del pago, el crédito hipotecario era reclamable, al igual que la suma de $150 para costas y honorarios de abogado.

■ Pero aparte de lo anteriormente expresado, no habiendo la apelante señalado como error que se declarara con lugar la demanda en cuanto a la obligación principal, no puede quejarse de que se declarara con lugar en cuanto a aquello que era consecuencia lógica de la acción para su cobro según fué estipulado al constituirse la hipoteca.

*No habiendo el tribunal inferior cometido los errores señalados, la sentencia será confirmada; debiendo, no obstante, modificarse en el sentido de agregar un pronunciamiento declarando sin lugar la reconvención de la demandada.*